UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADIO FLYER INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK H. SCHAEFFER, NIKOLAZ RAEL, DAVID KERZNER, HOWARD SPERLING, BARRY WIESENFELD, and DAVE FOX,<br><br>    Defendants. | Civil Action No.<br><br>Judge:<br><br>**JURY DEMANDED** |

# COMPLAINT

Plaintiff Radio Flyer Inc. ("Radio Flyer" or "Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1. Radio Flyer is an extremely well-known manufacturer, marketer and provider of high-quality toys, and markets, offers and sells those products and offers related services under its famous RADIO FLYER mark.

2. Defendants Mark H. Schaeffer, Nikolaz Rael, David Kerzner, Howard Sperling, Barry Wiesenfeld, and Dave Fox (collectively, "Defendants") are members of a cover band that performs in the Hudson Valley of New York, and without Radio Flyer's authorization, adopted the RADIO FLYER mark as the name of their band. Defendants have performed and continue to perform and offer their services under the RADIO FLYER mark without Radio Flyer's authorization.

3. As detailed below, Defendants' conduct constitutes unfair competition, infringement and dilution of Radio Flyer's famous RADIO FLYER mark. Defendants' improper conduct is knowing, intentional, and designed to trade on the reputation of Radio Flyer and its

famous RADIO FLYER mark, which Radio Flyer has developed through over 87 years of extensive and successful promotion and sales of its superior products and offering of services under the RADIO FLYER mark.

4. Radio Flyer has been, and is likely to continue to be, injured by Defendants' misconduct, and Radio Flyer will suffer irreparable harm unless and until Defendants are enjoined from using the RADIO FLYER mark in connection with Defendants' services.

5. Accordingly, Radio Flyer now brings this action against Defendants for trademark infringement, trademark dilution, unfair competition and for violations of New York State law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349, 350 and 360-1 of the New York General Business Law, and the common law of the State of New York.

## THE PARTIES

6. Radio Flyer is an Illinois corporation, with a principal place of business at 6515 West Grand Avenue, Chicago, Illinois 60707.

7. On information and belief, Mark H. Schaeffer is an individual residing at 18 S. Ridge Road, Pomona, New York 10970, and is a member of Defendants' band.

8. On information and belief, Nikolaz Rael is an individual residing at 4 Brookside Avenue, Cresskill, New Jersey 07626, and is a member of Defendants' band.

9. On information and belief, David Kerzner is an individual residing at 7 Arcadia Drive, Wallkill, New York 12589, and is a member of Defendants' band.

10. On information and belief, Howard Sperling is an individual residing at 314 S Mountain Road, New City, New York 10956, and is a member of Defendants' band.

11. On information and belief, Barry Wiesenfeld is an individual residing at 319 Cascade Road, Warwick. New York 10990, and is a member of Defendants' band.

12. On information and belief, Dave Fox is an individual whose address is unknown, and is a member of Defendants' band.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

14. This Court has subject matter jurisdiction over Counts I, II and III of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

   a. Count I (Trademark Infringement) - 15 U.S.C. § 1114;

   b. Count II (Federal Unfair Competition) - 15 U.S.C. § 1125(a); and

   c. Count III (Trademark Dilution) – 15 U.S.C. § 1125(c).

15. This Court has supplemental jurisdiction over Radio Flyer's state law claims, Counts IV, V, VI and VII, pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

16. This Court has personal jurisdiction over Defendants because, among other things, Defendants transact business in the State of New York and in this Judicial District, and have performed and continue to perform and offer their services under the RADIO FLYER mark in the State of New York and in this Judicial District without Radio Flyer's authorization.

17. Venue is proper within this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to Radio Flyer's claims occurred in this Judicial District.

**FACTUAL BACKGROUND**

**A.  Radio Flyer and Its Famous RADIO FLYER Mark**

18.     Since 1917, Radio Flyer has been manufacturing and selling high-quality toys, and has grown into a leading designer, manufacturer and provider of toys including, but not limited to, wagons, tricycles, scooters, ride-on toys, and balance bikes as well as parts and accessories for these goods (the "Radio Flyer Products").

19.     Since at least as early as 1931, Radio Flyer has continuously and extensively engaged in the business of marketing and selling the Radio Flyer Products under a family of marks that contain the term RADIO FLYER (collectively, the "RADIO FLYER Marks").

20.     Radio Flyer manufactures and sells the Radio Flyer Products under the RADIO FLYER Marks throughout the United States, including in retail stores in the State of New York and in this Judicial District as well as through online retailers including Amazon.com.

21.     Radio Flyer prominently uses the RADIO FLYER Marks directly on the Radio Flyer Products, on packaging for the Products, in nationwide advertising and/or promotional materials for the Products, including but not limited to, television, print advertisements, brochures, and the Internet.

22.     Radio Flyer markets and sells the Radio Flyer Products under the RADIO FLYER Marks throughout the United States via Radio Flyer's website https://www.radioflyer.com/.  In addition, Radio Flyer heavily markets the Radio Flyer Products on social media platforms including Facebook (https://www.facebook.com/radioflyer), Instagram (https://instagram.com/radioflyerinc), YouTube (https://www.youtube.com/user/Radioflyer), Pinterest (https://www.pinterest.com/radioflyerbrand/), and Twitter (https://twitter.com/radioflyer).

23. Radio Flyer has invested substantial resources developing, advertising, promoting and marketing the Radio Flyer Products under the RADIO FLYER Marks throughout the United States establishing these Products in the minds of consumers as high-quality products offered by Radio Flyer.  As a result, and in addition to its registered rights described below, Radio Flyer enjoys extremely strong common law trademark rights in the RADIO FLYER Marks, embodying invaluable goodwill.

24. The RADIO FLYER Marks are inherently distinctive, and have become favorably known among consumers as used in connection with the Radio Flyer Products, and have become a valuable symbol of the source of products bearing the RADIO FLYER Marks, of the high quality of products bearing the Marks, and of the goodwill associated with the Marks.

25. Radio Flyer has received extensive media coverage recognizing the high-quality and award-winning Radio Flyer Products.  Attached hereto as Exhibit A are copies of representative samples of articles reporting on Radio Flyer and the Radio Flyer Products.

26. The Radio Flyer Products and the RADIO FLYER Marks have appeared in numerous films and television shows, including, but not limited to, the 1992 film starring Tom Hanks and Elijah Wood, *Radio Flyer*, as well as the films *E.T. The Extra-Terrestrial*, *Scent of a Woman*, *The Prince of Tides*, and *Waiting to Exhale*.  In each case, Radio Flyer licensed the use of the RADIO FLYER Marks for such film and television productions.

27. Additionally, Radio Flyer produced a short film titled *Taking Flight*, which features the RADIO FLYER Marks.  This film won a 2017 Daytime Creative Arts Emmy Award and more than 20 additional awards and accolades from international and domestic film festivals.

28. As a result of Radio Flyer's extensive investment in the RADIO FLYER Marks, as well as widespread publicity and recognition of the marks and sales of the Radio Flyer

Products, Radio Flyer owns strong common law trademark rights in the RADIO FLYER Marks, embodying invaluable goodwill, and the Marks are exceedingly strong, based on inherent distinctiveness and commercial strength. Indeed, the RADIO FLYER Marks have become famous under Section 43(c) of the Lanham Act, U.S.C. § 1125(c).

29.  In addition to its extremely strong common law rights in the RADIO FLYER Marks, Radio Flyer owns the following United States Federal Trademark Registrations for the Marks (collectively the "Registered RADIO FLYER Marks"):

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| **RADIO FLYER** | 635,875 | 10/16/1956 | Class 28: coaster wagons and scooters |
| *RADIO & FLYER* (logo) | 1,783,110 | 7/20/1993 | Class 25: T-shirts, sweaters, sweat shirts, jackets and caps<br><br>Class 28: toy model vehicles, children's toy riding vehicles, dolls, and stuffed toy animals |
| **RADIO FLYER** | 1,669,490 | 12/24/1991 | Class 28: baby toy walkers, rocking horses, and children's toy riding vehicles |
| *RADIO & FLYER* (logo) | 1,660,968 | 10/15/1991 | Class 28: children's wagons |
| *RADIO FLYER* (logo) | 1,661,830 | 10/22/1991 | Class 28: children's wagons |
| *RADIO FLYER* (logo) | 1,799,869 | 10/19/1993 | Class 28: toy model vehicles, computer game cartridges, video game cartridges, board games, roller skates, toy action figures, model airplanes, children's toy riding vehicles, kites, toy gliders, dolls, stuffed toy animals, and swim goggles |

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| **RADIO FLYER** | 1,798,441 | 10/12/1993 | Class 25: t-shirts, sweat shirts, and caps<br><br>Class 28: toy model vehicles and children's toy riding vehicles |
| RADIO FLYER (logo) | 2,594,203 | 7/16/2002 | Class 24: cotton fabric |

30.     The federal trademark registrations for the Registered RADIO FLYER Marks are valid, subsisting and in full force and effect on the Principal Trademark Register, and constitute *prima facie* evidence of the validity and ownership of the Registered RADIO FLYER Marks. True and correct copies the registration certificates for the marks as well as documents retrieved from the United States Trademark Office's online Trademark Status & Document Retrieval database ("TDSR") evidencing the current status and Radio Flyer's ownership of the Registered RADIO FLYER Marks are attached hereto as Exhibit B.

31.     Radio Flyer's United States federal registrations for the Registered RADIO FLYER Marks have all achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, pursuant to 15 U.S.C. § 1115(b), these registrations provide conclusive evidence of the validity of the Registered RADIO FLYER Marks, the registration of the Marks, Radio Flyer's ownership of the Marks, and Radio Flyer's exclusive right to use the Marks in United States commerce in connection with the goods recited in the certificates of registration for the Marks.

32.     Pursuant to 15 U.S.C. § 1072, Radio Flyer has a presumption of nationwide rights to the RADIO FLYER mark dating back to October 15, 1956, the registration date of United States Trademark Registration No. 635,875.

**B. Defendants' Infringing Acts**

33.     Notwithstanding Radio Flyer's prior nationwide rights in its famous RADIO FLYER Marks, and without Radio Flyer's authorization, Defendants adopted the RADIO FLYER mark as the name of their cover band in which all Defendants are members.  Defendants have performed under the RADIO FLYER mark, and continue to market, offer, and sell their services, specifically musical performances under the RADIO FLYER mark.

34.     Defendants market their services under the RADIO FLYER mark through an e-mail list, word of mouth, Defendants' Facebook page (https://www.facebook.com/Radio-Flyer-123827220987081/) and the website accessible at http://radioflyermusic.com/.  Attached hereto as Exhibit C, are screenshots of the http://radioflyermusic.com/ website showing Defendants' use of the RADIO FLYER mark.

35.     Upon information and belief, Defendants are using the RADIO FLYER mark with actual and constructive knowledge of Radio Flyer and the RADIO FLYER Marks, and with an intent to capitalize on the reputation and goodwill of Radio Flyer and the RADIO FLYER Marks, to confuse and deceive consumers, and to unfairly compete with Radio Flyer.

36.     Radio Flyer has never authorized, licensed, or otherwise endorsed Defendants and/or Defendants' use of the RADIO FLYER mark, and Defendants' use of the mark continues with Defendants' full knowledge that they are not authorized to do so by Radio Flyer.

37.     Once Radio Flyer learned of Defendants' use of the RADIO FLYER mark, Radio Flyer's counsel sent a demand letter to Defendant Mark H. Schaeffer on October 23, 2014.  In 2015 and 2016, Radio Flyer maintained its objection to Defendants' use of the RADIO FLYER mark and advised Defendants that their use of the mark was not authorized and was unacceptable.

38.     Notwithstanding Radio Flyer's prior common law and registered rights in and to the Radio Flyer Marks and Radio Flyer's objection to Defendants' use of the RADIO FLYER mark, on July 26, 2017, Defendant Mark Schaeffer ("Schaeffer") filed an application with the United States Patent and Trademark Office (the "USPTO") to register the mark RADIO FLYER MUSIC for "Entertainment services, namely, providing a website featuring musical performances, photographs, and personal and musical information regarding a musical group and its live performances; Entertainment services in the nature of live musical performances by a musical group" in International Class 41 (Ser. No. 87/544,145) ("Schaeffer's Application"). On November 22, 2017, Schaeffer amended his application to delete the word "MUSIC" from the applied-for mark, thereby amending the Application to seek registration of the mark RADIO FLYER.

39.     On May 9, 2018, Radio Flyer timely filed with the Trademark Trial and Appeal Board of the USPTO a Notice of Opposition against Schaeffer's Application on the grounds that registration of the applied-for mark is likely to cause confusion with and dilute the distinctive quality of the famous RADIO FLYER Marks.

40.     Upon information and belief, Defendants' use of the RADIO FLYER mark in connection with the sale and marketing of Defendants' services in interstate commerce, including in New York and in this Judicial District, has caused, and is likely to cause, confusion, mistake, and deception among the relevant purchasing public.  Consumers and the trade will likely believe that Defendants' services are associated with, or connected with, or approved or authorized by Radio Flyer, or that Defendants' services originate from the same source as Radio Flyer's products and services, when that is not the case.

41. Registration of the RADIO FLYER mark as depicted in Schaeffer's Application in connection with the services recited in the Application is likely to cause, confusion, mistake, and deception among the relevant purchasing public. Consumers and the trade will likely believe that the services recited in the Application are associated with, or connected with, or approved or authorized by Radio Flyer, or that those services originate from the same source as Radio Flyer's products and services, when that is not the case.

42. Any such confusion would result in injury and have a direct impact on Radio Flyer's reputation and its ability to market its own products and services under the RADIO FLYER Marks. In addition, any defect, objection, or fault found with Defendants' services would negatively impact and seriously injure the reputation and goodwill Radio Flyer has established for the goods and services it offers under the RADIO FLYER Marks.

43. Upon information and belief, Defendants' use of the RADIO FLYER mark in interstate commerce has caused and is likely to cause dilution of Radio Flyer's famous RADIO FLYER Marks, by lessening the capacity of the Marks to identify and distinguish Radio Flyer's products and services and by harming the reputation of the, all to Radio Flyer's detriment.

44. All of the foregoing acts of Defendants have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Radio Flyer, for which it has no adequate remedy at law. Defendants have knowingly and willfully used and continue to use the RADIO FLYER mark in connection with the advertisement, offering for sale, and sale of their services with an intent to capitalize on the reputation and goodwill of Radio Flyer and the RADIO FLYER Marks, to confuse and deceive consumers, and to unfairly compete with Radio Flyer.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114

45. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-44.

46. Upon information and belief, notwithstanding Radio Flyer's well-known and longstanding prior rights in and to the Registered RADIO FLYER Marks and without Radio Flyer's consent or authorization, Defendants have used and are using in interstate commerce the RADIO FLYER mark, which is identical to the Registered RADIO FLYER Marks in connection with their services, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and of Defendants' services, with Radio Flyer, or as to the origin, sponsorship, or approval of Defendants' services

47. The goodwill of the Registered RADIO FLYER Marks is of significant value, and Radio Flyer is suffering, and will continue to suffer, irreparable harm should Defendants continue their unauthorized marketing, offering, and sale of their services under the RADIO FLYER mark.

48. The acts of Defendants in their unauthorized use of the RADIO FLYER mark in connection with Defendants' services are intended to and will divert to Defendants, the benefit of the reputation and goodwill symbolized by the Registered RADIO FLYER Marks, all of which belongs exclusively to Radio Flyer.

49. Defendants' acts constitute infringement of the Registered RADIO FLYER Marks under 15 U.S.C. § 1114(1).

50. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Radio Flyer's rights.

51. As a result of Defendants' acts of trademark infringement, Radio Flyer is suffering irreparable harm.

52. Unless and until Defendants are enjoined by this Court, Defendants will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Radio Flyer.

53. Radio Flyer is entitled to a permanent injunction against Defendants, as well as an award of any and all damages, costs and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II

### FEDERAL UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

54. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-53.

55. By making unauthorized use in interstate commerce of the RADIO FLYER mark, which is identical to Radio Flyer's RADIO FLYER Marks, Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' services with Radio Flyer, or as to the origin, sponsorship or approval of Defendants' services.

56. Defendants' acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

57. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

58. Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Radio Flyer's prior rights in the RADIO FLYER Marks.

As a result of Defendants' acts of false designation of origin, Radio Flyer is suffering irreparable harm.

59.     Radio Flyer is entitled to a permanent injunction against Defendants, as well as an award of any and all damages, costs and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT III

**FEDERAL TRADEMARK DILUTION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(c)**

60.     Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-59.

61.     Plaintiff's RADIO FLYER Marks are famous and distinctive throughout the United States including among consumers and the general public in the State of New York and in this Judicial District, and were famous long before Defendants commenced their unlawful conduct described herein.

62.     The foregoing acts of Defendants have caused, and will continue to cause, irreparable dilution of the distinctive quality of the RADIO FLYER Marks and are intended to undermine the uniqueness and distinctiveness of the Marks, constituting dilution by blurring of the RADIO FLYER Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C 1125(c).

63.     The foregoing acts of Defendants have also caused, and will continue to cause, a reduction in value of the RADIO FLYER Marks because the public will wrongly associate the lack of quality and/or prestige of Defendants' services with Radio Flyer, constituting dilution by tarnishment of the RADIO FLYER Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

64. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

65. Defendants' actions have caused and continue to cause irreparable harm and damage to Radio Flyer, for which Radio Flyer has no adequate remedy at law. Unless enjoined by this Court, Defendants will continue their wrongful actions, further injuring Radio Flyer and confusing the public.

66. Radio Flyer is entitled to a permanent injunction against Defendants, as well as an award of any and all damages, costs and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT IV

### DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF NEW YORK LAW
### (NEW YORK LAW, N.Y. G.B.L. §§ 349 AND 350)

67. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-66.

68. Through their unauthorized use of the RADIO FLYER mark, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in the State of New York.

69. Defendants' deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendants have directed their services and marketing activities, and Radio Flyer has been injured thereby.

70. By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Sections 349 and 350 of the New York General Business Law.

71. Defendants' acts have caused, and unless restrained by this Court, will continue to cause irreparable injury to Radio Flyer, which has no adequate remedy at law.

## COUNT V

### TRADEMARK DILUTION IN VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW (NEW YORK LAW, N.Y. G.B.L. § 360-1)

72. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-71.

73. Radio Flyer is the exclusive owner of the RADIO FLYER Marks.

74. The RADIO FLYER Marks are famous and distinctive throughout the United States including among consumers and the general public in the State of New York and in this Judicial District, and were famous long before Defendants commenced their unlawful conduct described herein.

75. The foregoing acts of Defendants have caused, and will continue to cause, irreparable dilution of the distinctive quality of the RADIO FLYER Marks and are intended to undermine the uniqueness and distinctiveness of the Marks, constituting dilution by blurring of the RADIO FLYER Marks.

76. The foregoing acts of Defendants have also caused, and will continue to cause, a reduction in value of the RADIO FLYER Marks because the public will wrongly associate the lack of quality and/or prestige of Defendants' services with Radio Flyer, constituting dilution by tarnishment of the RADIO FLYER Marks.

77. Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

78. Defendants' acts have caused, and unless restrained by this Court, will continue to cause irreparable injury to Radio Flyer, which has no adequate remedy at law.

## COUNT VI

### TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK COMMON LAW

79. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-78.

80. Radio Flyer is the owner and authorized user of the RADIO FLYER Marks, with the right to enforce the RADIO FLYER Marks. Radio Flyer began using the RADIO FLYER Marks in New York prior to Defendants' use of the identical RADIO FLYER mark. Defendants are not authorized to use the RADIO FLYER Marks, or any mark confusingly similar to the Marks.

81. Without Radio Flyer's consent or authorization, Defendants are using the RADIO FLYER mark in connection with the sale, offering for sale, and advertising of Defendants' services in New York in a manner that is likely to cause confusion or mistake, or to deceive as to the source and/or Radio Flyer's approval and authorization of Defendants' services.

82. Defendants' actions have caused, and unless enjoined by this Court, will continue to cause, substantial and irreparable injury to Radio Flyer for which Radio Flyer has no adequate remedy at law.

## COUNT VII

### UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

83. Radio Flyer repeats and realleges the allegations contained in the foregoing Paragraphs 1-82.

84. Defendants' unauthorized use of the RADIO FLYER mark is creating a likelihood of confusion, mistake, or deception as to the source, origin, sponsorship or authorization of their services. Defendants' use of the RADIO FLYER mark in connection with

Defendants' services is likely to induce consumers to mistakenly believe that Defendants' services are affiliated, sponsored, sold, approved by, or connected with Radio Flyer.

85. Defendants' conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that their services are associated with Radio Flyer. Defendants have acted with full knowledge of the deceptiveness of their conduct and harm to Radio Flyer's business.

86. Defendants' conduct constitutes unfair competition under the common law of the State of New York.

87. Defendants' actions have caused, and unless enjoined by this Court, will continue to cause, substantial and irreparable injury to Radio Flyer for which Radio Flyer has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Radio Flyer prays that this Court enter judgment finding, concluding and declaring:

A. That Defendants' use of the RADIO FLYER mark constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), deceptive acts and practices under N.Y. G.B.L. §§ 349 and 350, trademark dilution under N.Y. G.B.L. § 360-1, and trademark infringement and unfair competition under New York common law;

B. That Defendants and their successors, assigns, agents, employees, attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined, pursuant to 15 U.S.C. §1116 and applicable state laws, from:

    1. Using the RADIO FLYER mark, including all formative variations thereof,

or any other names, marks or slogans in connection with Defendants' services likely to cause confusion, mistake or deception with respect to the RADIO FLYER Marks;

2. Doing any other act or thing likely to induce the mistaken belief that Defendants and/or Defendants' services are in any way affiliated, connected, or associated with Radio Flyer or its goods and services, or doing any other act or thing likely to cause confusion with respect to the RADIO FLYER Marks;

3. Trading on the goodwill associated with the RADIO FLYER Marks and passing off their services as those of or authorized by Radio Flyer;

4. Injuring Radio Flyer's business reputation and the goodwill associated with the RADIO FLYER Marks and from otherwise unfairly competing with Radio Flyer in any manner whatsoever;

5. Marketing, rendering, selling or transporting any goods or services that bear the RADIO FLYER Marks, or any images, symbols, or trademarks confusingly similar to the RADIO FLYER Marks, including but not limited to displaying promotional and marketing materials on outlets such as websites, social media platforms, and other sources available over the Internet;

C. That Defendant Mark Schaeffer be ordered to expressly abandon his application to register the RADIO FLYER mark (Ser. No. 87/544,145);

D. That, pursuant to 15 U.S.C. § 1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing the RADIO FLYER mark or any confusingly similar mark;

E. That Defendants be ordered to recall from all customers, vendors, sales people, and

authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing the RADIO FLYER mark or any confusingly similar mark;

F. That Defendants be ordered to notify all customers, vendors, sales people, and authorized agents of the Court's Judgment;

G. That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with this Court and to serve on Radio Flyer, within thirty (30) days after entry of the injunction that incorporates the aforementioned relief (as well as any other injunctive relief), a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

H. That Defendants be directed to provide a complete accounting to Radio Flyer for any and all profits realized from the sale of all services Defendants provided under the RADIO FLYER mark from the date on which those services were first offered up through the date of the injunction;

I. That Radio Flyer be awarded its compensatory damages, including but not limited to, Defendants' profits and Radio Flyer's damages, in an amount to be determined at trial;

J. That Defendants be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 for its knowing, intentional, and willful violations of federal law;

K. That Radio Flyer be awarded all reasonable attorneys' fees, costs and disbursements incurred by Radio Flyer as a result of this action, pursuant to 15 U.S.C. § 1117(a); and

L. That Radio Flyer be awarded any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated:  New York, New York  
       January 18, 2019

**DEWEY PEGNO & KRAMARSKY LLP**

By: */s/ David S. Pegno*

David S. Pegno (DP-7428)  
777 Third Avenue – 37th Floor  
New York, New York  10017  
Telephone: (212) 943-9000  
Facsimile: (212) 943-4325  
E-mail: dpegno@dpklaw.com

*Attorneys for Plaintiff Radio Flyer Inc.*